FILED
United States Court of Appeals
Tenth Circuit

November 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

MALCOM T. BEDFORD,

      Defendant–Appellant.

No. 09-3271
(D.C. No. 6:09-CV-01172-MLB)
(D.C. No. 6:07-CR-10094-MLB-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Malcolm T. Bedford, a federal prisoner proceeding pro se,[1] requests a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion

seeking an evidentiary hearing. Because reasonable jurists would agree that the

performance of Bedford's counsel did not fall below an objective standard of

reasonableness, we deny Bedford's request for a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Bedford proceeds pro se, we liberally construe his application for a COA. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**I**

In December 2007, Bedford was convicted of being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1) in the United States District Court for the District of Kansas. Bedford appealed his conviction to this court, arguing that the evidence was not sufficient for a reasonable jury to find him guilty. In December 2008, this court rejected Bedford's claim and upheld his conviction.

Bedford then brought a motion requesting an evidentiary hearing pursuant to 28 U.S.C. § 2255 on the ground that his trial counsel was ineffective. He argued his trial counsel was constitutionally deficient for two reasons: (1) counsel stipulated to facts that established an element of the crime for which Bedford was convicted; and (2) counsel failed to challenge the court's instructions to the jury or propose alternate instructions. In July 2009, the district court denied the motion on the ground that the claims "fail[ed] for lack of support in the record." It subsequently denied his request for a certificate of appealability. Bedford now appeals.[2]

**II**

Because the district court denied Bedford's request for a COA, he may not appeal the district court's decision absent a grant of a COA by this court. 28 U.S.C.

---

[2] Although Bedford did not file a notice of appeal until September 24, 2009, we treat his motion for a certificate of appealability, filed on August 13, 2009, as the functional equivalent of a timely notice of appeal. See Smith v. Barry, 502 U.S. 244, 248-49 (1992).

§ 2253(c)(1)(B).  To obtain a COA, Bedford must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires him to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Bedford argues that his trial counsel was constitutionally deficient because counsel stipulated that the gun Bedford was charged with possessing had traveled in interstate commerce, a fact the government was required to prove under 18 U.S.C. § 922(g)(1). On appeal, Bedford does not raise the claim that counsel was constitutionally ineffective in failing to challenge the court's instruction to the jury.

To establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), Bedford must demonstrate:  (1) that his trial counsel was deficient such that he was deprived of "reasonably effective assistance"; and (2) that counsel's deficient performance prejudiced his case, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 680, 694.  Bedford must overcome the presumption that counsel's decision "might be considered sound trial strategy."  Id. at 689.

Construing Bedford's arguments liberally, see Haines, 404 U.S. at 520-21, we read his brief to contend that counsel misrepresented to the court Bedford's intention to

stipulate that the weapon at issue had moved in interstate commerce. However, the district court judge explained to Bedford the meaning of a stipulation, the facts to which Bedford stipulated, and the consequences of the stipulation. The judge specifically asked Bedford if he had any questions about the stipulation and told Bedford that the ultimate decision about whether to stipulate should be made by Bedford and not his attorney. Bedford—directly, not through counsel—then affirmatively entered his stipulation. Thus the record contradicts Bedford's argument.

Bedford next asserts that his counsel was deficient for allowing him to enter the stipulation. As the district court noted, however, there are no firearms manufacturers located in Kansas. Thus the weapon must have moved in interstate commerce. It was not unreasonable for Bedford's counsel to stipulate to a fact that he knew the government could establish with minimal effort.

Bedford's claim that his counsel was deficient such that his Sixth Amendment rights were violated lacks factual support in the record. He thus has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

- 4 -

## III

For the foregoing reasons, we **DENY** Bedford's application for a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge